IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY SWAIT JR., | ) | 8:08CV404 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNIVERSITY OF NEBRASKA AT | ) | |
| OMAHA, and STATE OF | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on September 12, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 12, 2008, against the University of Nebraska at Omaha ("UNO"), and the State of Nebraska. (Filing No. 1 at CM/ECF p. 1.) Plaintiff resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendant UNO wrongfully expelled him in violation of the Fourteenth Amendment. (*Id.* at CM/ECF p. 3.) Plaintiff briefly describes the events that led to his expulsion, and specifically mentions that he received a letter stating that he had to complete anger management courses in order to re-enroll. (*Id.* at CM/ECF p. 2.) Separately, Plaintiff alleges that he should not have been disciplined for "carrying a concealed weapon," because he has "a constitutional right to bear arms." (*Id.* at CM/ECF pp. 3, 27.)

Plaintiff seeks injunctive relief in the form of a court order that directs Defendants to expunge his record, and provide him with "the right to attend the only public university in the city . . . ." (*Id.* at CM/ECF p. 3.) Plaintiff also seeks "any and all such remedies as the Court deems equitable and proper . . . ." (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

2

### III. DISCUSSION OF CLAIMS

    A. Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges Defendants violated his Fourteenth Amendment rights. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).

Students do not "shed their constitutional rights . . . at the school house gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). In fact, the Due Process clause under the Fourteenth Amendment requires that a university provide a student with notice and some opportunity for a hearing before the student is expelled. *See Woodis v. Westark Cmty. Coll.*, 160 F.3d 435, 438 (8th Cir. 1998); *Jones v. Snead*, 431 F.2d 1115, 1117 (8th Cir.1970). The Eighth Circuit has established the following standard for procedural due process in the school setting:

> We have indicated that procedural due process must be afforded a student on the college campus "by way of adequate notice, definite charge, and a hearing with opportunity to present one's own side of the case and with all necessary protective measures."

*Jones*, 431 F.2d at 1117 (quoting *Esteban v. Central Missouri State Coll.*, 415 F.2d 1077, 1089 (8th Cir. 1969)). However, because schools are afforded great flexibility in school disciplinary procedures, the court must exercise "care and restraint" in reviewing a school's decision to expel a student. *Woodis*, 160 F.3d at 438.

Here, Plaintiff alleges UNO wrongfully expelled him from the University in violation of his Fourteenth Amendment rights. (*Id.* at CM/ECF p. 3.) But, Plaintiff fails to allege that UNO did not afford him adequate notice, a definite charge, or some form of a hearing where he could present his side of the case. In short, Plaintiff has failed to allege sufficient facts to nudge his claim across the line from conceivable to plausible. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a Fourteenth Amendment claim against Defendants upon which relief may be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### B.   Plaintiff's Second Amendment Claim

The court also liberally construes Plaintiff's Complaint to allege a violation of his Second Amendment rights. The Second Amendment "guarantee[s] the individual right to possess and carry weapons . . . ." *District of Columbia v. Heller,* 128 S.Ct. 2783, 2797 (2008). However, this right is not unqualified:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 2816-17.

Here, Plaintiff alleges he pled guilty to a charge of "carrying a concealed weapon" and was fined $100. (*Id.* at CM/ECF p. 3.) Plaintiff believes that he should not have been fined because he has "a constitutional right to bear arms." (*Id.*) Although Plaintiff alleges that his weapon was registered, he does not challenge the constitutionality of a specific ordinance or law. (*Id.* at CM/ECF pp. 3, 27.) As discussed above, states can prohibit the carrying of a concealed weapon without violating the Second Amendment. Thus, Plaintiff's allegation, without more, fails to nudge his claim across the line from conceivable to plausible. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a Second Amendment claim against Defendants upon which relief may be granted. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **December 29, 2008,** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **December 29, 2008**.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

November 25, 2008.                    BY THE COURT:


                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge